**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-2285-MSK-BNB

CENTER FOR LEGAL ADVOCACY, d/b/a
THE LEGAL CENTER FOR PEOPLE WITH
DISABILITIES AND OLDER PEOPLE,

    *Plaintiff*,

v.

REGGIE BICHA,
in his official capacity as Executive Director
of the Colorado Department of Human Services, and
TERESA A. BERNAL,
in her official capacity as Interim Superintendent
of the Colorado Mental Health Institute at Pueblo,

    *Defendants*.

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff and Defendants stipulate to the entry of this protective order (1) to facilitate discovery in this action (the "Litigation") without document-by-document controversy concerning confidentiality, (2) to protect identifying information and protected health information concerning individuals awaiting treatment or evaluation at the Colorado Mental Health Institute at Pueblo or at other locations from public disclosure, and (3) to ensure the protection of confidential material, including confidential medical and psychiatric information, and for good cause shown, IT IS HEREBY ORDERED:

1.       This Stipulated Protective Order ("Order") shall govern the handling of all documents, electronically stored information, tangible things, discovery responses, and deposition testimony, including all copies, excerpts and summaries thereof  disclosed or exchanged during this Litigation pursuant to the disclosure or discovery duties provided by the Federal Rules of Civil Procedure (collectively, "Material").

2.       The provisions of this Order shall apply to any "person," which, as used herein, shall include all parties to this Litigation and any other person or entity receiving, producing or disclosing Material in this Litigation.

3.       This Order applies to all Material **entitled to protection pursuant to Rule 26(c)(1), Fed. R. Civ. P., or by law ("Confidential Material").**   ~~containing patient identifying information and/or protected health information.~~

~~4.       "Confidential Material" is defined as Material containing non-public, sensitive, or confidential information, including, but not limited to, personal protected health information relating to current or future patients of CMHIP or its contracted providers.~~

5.       With respect to documents, electronically stored information, tangible things, and discovery responses, all information containing **Confidential Material**  ~~protected health information, including mental health information~~ shall be maintained Confidential.  When a deposition involves the disclosure of Confidential Material, the portions of the deposition that disclose such Confidential Material shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Stipulated Protective Order.

6.       Persons receiving or obtaining access to the Confidential Material shall use such Materials solely for the purpose of prosecuting or defending this Litigation and not for any business or other purpose whatsoever.  Except as otherwise provided, Confidential Material shall

not be given, shown, made available or communicated in any way to anyone, except the following persons:

    a.    counsel of record for the parties and attorneys, paralegal, clerical, secretarial, or other staff employed by such counsel who are assisting in the conduct of this Litigation;

    b.    the named parties and those officers and employees of the parties deemed necessary to aid counsel in the conduct of this Litigation;

    c.    the District Court presiding over this Litigation and/or any appellate court hearing any possible appeals from this Litigation, judicial officers, and court personnel;

    d.    mediators and their employees used in connection with any Alternative Dispute Resolution Process or any efforts to mediate this Litigation;

    e.    court reporters and their employees used in connection with the conduct of this Litigation;

    f.    subject to paragraph 9 below, witnesses other than the named parties during any interview, deposition, hearing, or informal meeting conducted by counsel for a party;

    g.    subject to paragraph 9 below, experts and consultants (including their employees, associates or staff) specifically retained by a party to perform work in connection with the prosecution or defense of this Litigation; and

    h.    subject to paragraph 9 below, any other person designated by the Court after appropriate motion and hearing or agreed to by the parties in writing.

9.    Before any party discloses Confidential Material to any person pursuant to subparagraphs 8(f), (g), and (h) above, counsel for such party shall provide such person with a

copy of this Order, and shall require that the person acknowledge and agree that he or she (and any entity he or she may represent) has read and understood the terms of this Order, and agrees to be fully subject to and bound by its terms and conditions by executing the form Acknowledgement and Confidentiality Agreement attached hereto as Exhibit A (the "Acknowledgement"). It shall be the responsibility of counsel providing access to Confidential Material to retain a signed copy in counsel's files. In the event there is a dispute about a possible breach of the confidentiality provisions of this Order, the form executed by the individual who is the subject of the dispute shall be made available to the Court for *in camera* review.

10. **All motions to seal must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event a party wishes to use Confidential Material in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Litigation, such Confidential Material used therein shall be filed under seal with the Court. The Clerk of this Court is directed to maintain under seal all Confidential Material that has been properly filed under seal with the Court in this Litigation.~~

11. If a person inadvertently discloses Confidential Material to anyone other than the persons set forth in paragraph 8, such disclosure shall be reported in writing to the person who designated the information as Confidential Material. In that event, counsel for the person who made the inadvertent disclosure shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Order.

12. Nothing in this Order shall operate to waive any person's right to object to the production of information or documents that are subject to a good faith assertion of attorney-

client privilege, work product immunity, or any other applicable, recognized privilege or protection.  Nor shall compliance with the terms of this Order operate as an admission by any party that any particular document is or is not (a) confidential; (b) privileged; or (c) admissible under the Federal Rules of Evidence.

13.     ~~Because this Order concerns the protection of identifying health information for third parties who are not named in this case, all protected health information shall remain confidential throughout the case.~~ The Parties agree to only use or disclose the information for purposes of this litigation.

14.     At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies that contain confidential protected health information shall be returned to the Department of Human Services within sixty (60) days of the final resolution, or it may be destroyed.  Upon request, each receiving person shall provide the producing person an affidavit certifying that all Confidential Material, including copies, has been returned or destroyed pursuant to the provisions of this paragraph.

15.     Nothing in this Order shall prevent any party from moving to modify the terms of this Order upon good cause shown.

Dated November 14, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

AGREED ON BEHALF OF PLAINTIFF AND DEFENDANTS
DATED: _____, 2011

          JOHN W. SUTHERS

          Attorney General

          /s/   *Alicia R. Calderón*

          Alicia R. Calderón
          First Assistant Attorney General
          Tanya E. Smith
          Assistant Attorney General
          Human Services Unit
          States Services Section
          1525 Sherman St., 7th Floor
          Denver, CO 80203
          (303) 866-5228
          alicia.calderon@state.co.us
          tanya.smith@state.co.us

*Attorneys for Defendants Reggie Bicha and Teresa A. Bernal, in their official capacity only*

          /s/  *Jason M. Lynch*

          Iris Eytan
          Jason M. Lynch
          Caleb Durling
          REILLY POZNER LLP
          1900 Sixteenth Street, Suite 1700
          Denver, CO 80202
          (303) 893-6100
          ieytan@rplaw.com
          jlynch@rplaw.com
          cdurling@rplaw.com

          /s/  *Marcus J. Lock*

          Marcus Lock
          WILDERSON LOCK & HILL LLC
          525 North Main Street
          Gunnison, CO 81230
          (970) 641-1903
          Mlock@lawoftherockies.com

        Chester R. Chapman
        Mark J. Ivandick
        THE LEGAL CENTER FOR PEOPLE WITH
            DISABILITIES
        455 Sherman St., Suite 130
        Denver, CO 80203
        (303) 722-0300
        rchapman@thelegalcenter.org
        ivandick@thelegalcenter.org

*Attorneys for Plaintiff Legal Center*

EXHIBIT "A"

## ACKNOWLEDGEMENT AND CONFIDENTIALITY AGREEMENT

I, _____, state that:

a. My address is_____.

b. My present employer is _____.

c. My present occupation or job description is _____

_____ .

d. I have received a copy of the Stipulated Protective Order (the "Agreement") stipulated and agreed to on _____.

e. I have carefully read and understand the provisions of the Agreement.

f. I will comply with all of the provisions of the Agreement.

g. I will hold in confidence, will not disclose to anyone not qualified under the Agreement, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

h. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

Dated: _____                                         _____