**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02285-NYW

CENTER FOR LEGAL ADVOCACY, d/b/a DISABILITY LAW COLORADO,

    Plaintiff,

v.

REGGIE BICHA, in his official capacity as Executive Director of the Colorado Department of Human Services; and
JILL MARSHALL, in her official capacity as Superintendent of the Colorado Mental Health Institute at Pueblo,

    Defendants.

**MINUTE ORDER**

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on the issues raised by the Parties and the court during the Status Conference held on November 30, 2018. [#115]. The purpose of the Status Conference was to set a date for an evidentiary hearing on the enforcement of the Amended Settlement Agreement and to discuss discovery to be conducted prior to the evidentiary hearing. Having set a five-day evidentiary hearing to commence on March 18, 2019, the court **ORDERS** as follows:

(1)     Plaintiff may serve up to fifteen (15) interrogatories, fifteen (15) requests for production; and fifteen (15) requests for admissions no later than **December 7, 2018**;[1]

---

[1] At the Status Conference, Defendants sought the opportunity to serve discovery upon Plaintiff. This court respectfully declines to permit this discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure. The issues before the court in the forthcoming evidentiary hearing are (1) whether Defendants properly invoked Departmental Special Circumstances ("DSC") in June and December 2017 and (2) to what relief is Plaintiff entitled for the breach of the Amended Settlement Agreement in June 2018, when Defendants continued to be out of compliance with the timeframe required for inpatient restoration services and did not invoke DSC. [#113]. In reviewing Defendants' invocation of DSC dated June 22, 2017 [#96-2] and December 22, 2017 [#96-2], this court finds no basis to determine that any action by Plaintiff contributed to the invocation of DSC or Defendants' articulated plans to remedy DSC discussed in the June 22, 2017 letter. Indeed, Defendants make no mention of any legislative action in the June 22, 2017 letter [#96-2], and post-December 22, 2017 legislative action appears irrelevant to the resolution of the DSC issue because Defendants did not invoke DSC after December 22, 2017.

(2)     Any disputes with respect to the scope of written discovery will be raised to the court through a Joint Status Report due December 14, 2018, and discussed during a Telephonic Status Conference for **December 18, 2018 at 11:00 a.m.**;

(3)     Defendants will respond to the written discovery no later than **January 9, 2019**;

(4)     Plaintiff may take up to three (3) depositions, to be completed no later than **February 8, 2019**;

(5)     Any Rule 30(b)(6) Notice for the deposition of the Colorado Department of Health and Human Services and/or the Colorado Mental Health Institute must be served no later than **January 14, 2019**;

(6)     Any disputes with respect to any Rule 30(b)(6) Notice(s) served will be raised by the Parties through a Joint Status Report no later than **January 16, 2019**, and discussed with the court during a Telephonic Status Conference set for **January 18, 2019 at 11:00 a.m.**; and

(7)     Defendants will submit to Plaintiff and the court "a plan to remedy the Departmental Special Circumstances, and the projected timeframe for resolution" as contemplated by Paragraph 6(c) of the Amended and Restated Settlement Agreement no later than **December 14, 2018, including but not limited to addressing the status of the proposed Plans reflected in the June 22, 2017 and December 22, 2017 letters as they pertain to inpatient restoration programs**.

DATED:  December 3, 2018