IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02285-NYW

CENTER FOR LEGAL ADVOCACY, d/b/a DISABILITY LAW COLORADO,

    Plaintiff,

v.

REGGIE BICHA, in his official capacity as Executive Director of the Colorado Department of Human Services; and
JILL MARSHALL, in her official capacity as Superintendent of the Colorado Mental Health Institute at Pueblo,

    Defendants.

## ORDER ON MOTION FOR APPOINTMENT OF SPECIAL MASTER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Center for Legal Advocacy d/b/a Disability Law Colorado's ("DLC" or "Plaintiff") Motion for Appointment of Special Master (or "Motion"), filed December 6, 2018. *See* [#117]. The Motion is before the undersigned pursuant to the Order of Reference dated February 21, 2012 [#44], the Order of Reassignment dated November 19, 2015 [#58], 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C.COLO.LCivR 72.2. The court retained ancillary jurisdiction over this civil action pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Accordingly, having reviewed the Motion, associated briefing, and applicable case law, the court **GRANTS** the Motion for Appointment of Special Master.

## BACKGROUND

    The court has discussed the background of this matter in its Memorandum Opinion and Order on the Parties' Cross-Motions for Summary Judgment, *see* [#113], and discusses it here only as it pertains to the instant Motion. On November 9, 2018, the court granted in part and denied in part DLC's Motion for Summary Judgment, denied Defendants Reggie Bicha and Jill Marshall's

(collectively, "Defendants" or "the Department") Motion for Summary Judgment, and set a Status Conference for November 30, 2018 to discuss discovery and an evidentiary hearing regarding the Department's invocation of Department Special Circumstances ("DSC") in June and December 2017. *See generally* [#113]. At the November 30, 2018 Status Conference, Plaintiff proposed that the court consider appointing a special master, and this court discussed a discovery schedule[1] in contemplation of a five-day evidentiary hearing to commence on March 18, 2019. *See* [#115].

DLC filed the instant Motion on December 6, 2018, requesting that the court appoint a Special Master to assist the Parties and the court. *See* [#117 at 2-5]. Plaintiff proposes appointment of "Groundswell Services and its team of Drs. Neil Gowensmith and Daniel Murrie," who "have tremendous, relevant experience." [*Id.* at 7]. DLC further contends that the Department should bear the costs of a Special Master because it "had already agreed in the 2016 Settlement Agreement to pay for Dr. Dvoskin [who was initially selected to act as an independent consult to assist with Defendants' compliance efforts]" and because this court has determined the Department to be in breach of the 2016 Settlement Agreement. *See* [*id.* at 7-8]. Finally, DLC requests that the duration of appointment last "for the duration of the Amended Settlement Agreement" or "[a]t a minimum, . . . until such time that the Department returns to compliance and the Court enters final judgment against Defendants for their breaches of the Amended Settlement Agreement." [*Id.* at 8].

Defendants filed a Response on December 13, 2018. *See* [#118]. Defendants agree that appointment of a Special Master will serve the interests of the Parties and the court. *See* [*id.* at 1]. Further, Defendants agree to the appointment of Groundswell Services and its team of Drs. Neil Gowensmith and Daniel Murrie, and agree to bear the costs of such appointment, "provided the

---

[1] The court issued a separate Minute Order outlining the scope of discovery ahead of the evidentiary hearing. *See* [#116].

duties of the Independent Consultant are stayed as proposed in Plaintiff's Exhibit 8 and Defendants' Exhibit A, and the duties and duration of the special master are adopted as outlined in Exhibit A." [*Id.* at 2]. Defendants also request that the duration of the appointment last until Defendants have "maintained compliance with the Settlement Agreement timeframes concerning inpatient competency restoration services for three months," with the potential for a longer duration upon DLC's showing of good cause. *See* [*id.* at 2-3].

## LEGAL STANDARD

Rule 53 of the Federal Rules of Civil Procedure provides the court with the authority to appoint a special master under certain circumstances. *See* Fed. R. Civ. P. 53(a), (b); *accord Bartlett-Collins Co. v. Surinam Nav. Co.*, 381 F.2d 546, 550 (10th Cir. 1967) (explaining that "reference to a Master shall be the exception and not the rule"). And "'a federal district court has the inherent power to supply itself with [a special master] for the administration of justice when deemed by it essential.'" *United States v. State of Conn.*, 931 F. Supp. 974, 984 (D. Conn. 1996) (quoting *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n.240 (5th Cir. 1982). "The use of masters is 'to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause,' and not to displace the court." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957) (quoting *Ex Parte Peterson*, 253 U.S. 300 (1920)). *See also* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2601 (1995) (the appointment of a master is for the purpose of assisting the court to obtain facts).

## ANALYSIS

As mentioned, the Parties agree that appointment of a Special Master in this matter serves their interests as well as the court's. The Parties further agree to the appointment of Groundswell Services and its team of Drs. Neil Gowensmith and Daniel Murrie, and that Defendants will bear

the costs of appointment. Thus, the court agrees that a Special Master is warranted, and therefore **GRANTS** the Motion.

During the Status Conference held before the court on December 18, 2018, it appeared that despite the difference in language in the Parties' respective proposals regarding the scope of the Special Master's duties, *compare* [#117 at 5-6; #117-8] *with* [#118-1], the Parties do, in fact, agree that the Special Master will have authority to review the entire competency system as implicated by the Settlement Agreement, i.e., inpatient and outpatient competency evaluations and restorative treatment. *See* [#78-1 at 2]. The Parties, however, disagree as to the duration of the Special Master's appointment. Thus, this Order will not and cannot serve as an Order Appointing a Master because Rule 53(b) requires such an Order to contain, *inter alia*, "the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c)." Fed. R. Civ. P. 53(b)(2)(B). And Rule 53 further limits the court's ability to issue an Order Appointing a Master to only after the Special Master "files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455," which has not yet been completed. Fed. R. Civ. P. 53(b)(3)(A).

Nevertheless, to facilitate the appointment of the Special Master the court **ORDERS** that no later than **December 19, 2018**, Drs. Neil Gowensmith and Daniel Murrie shall submit to the court affidavits concerning "whether there is any ground for disqualification under 28 U.S.C. § 455." In addition, the court has attached a revised summary of the duties of the Special Master reflecting its understanding of the agreed-upon scope by the Parties. To the extent that the Parties object to the scope as reflected by the summary, they will file their respective objections no later than **December 19, 2018**. The court will then issue a separate, written Order Appointing a Master and determining the length of such appointment.

## CONCLUSION

For the reasons set forth herein, the court hereby **ORDERS** that:

(1) Plaintiff's Motion for Appointment of Special Master [#117] is **GRANTED**;

(2) No later than **December 19, 2018**, Drs. Neil Gowensmith and Daniel Murrie shall **SUBMIT** to the court affidavits concerning "whether there is any ground for disqualification under 28 U.S.C. § 455;"

(3) No later than **December 19, 2018**, the Parties will **FILE** any objections to the summary of the duties of the Special Master as attached as Ex. 1 to this Order; and

(4) A separate, written Order pursuant to Rule 53 of the Federal Rules of Civil Procedure will follow.

DATED: December 18, 2018                 BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge