

Groundswell Services, Inc.

July 3, 2021

*Re: Civil Action No.  11-cv-02285-NYW*

The Honorable Judge Nina Wang
United States Magistrate Judge
District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

Judge Wang,

As you may recall from our May 2021 Quarterly Report, we have been working with the Department's OBH and Disability Law Colorado to reach an agreement regarding the fines that accumulate for violations of the time frames prescribed in the Consent Decree, particularly amid the challenges of the COVID-19 pandemic.

As a brief reminder, the Department has always provided reliable notification of non-compliance with time frames on a weekly basis, as required by the Consent Decree, since June 1, 2019. Of course, this past year featured significant changes with respect to fines, due to the increasing number of people designated "Individual Special Circumstances" ("ISC"), the mechanism that absolves the Department from fines in situations beyond their control. As you recall, after negotiation with DLC,[1] the Department began in July of 2020 using an approach in which they invoked ISC on every individual case whose progress was slowed by the COVID-19 pandemic response. This included, for example, defendants who could not be evaluated promptly because jails forbade external evaluators and/or did not allow for video-conferenced evaluations, and defendants who were found incompetent but could not be promptly transitioned to the hospital

---

[1] In the Spring of 2020, the Department proposed an alternate approach, in which they would simply pay a lump sum of fines rather than undertake the laborious and complicated process of designating ISC for every detainee who qualified for ISC. However, DLC declined this proposal, conveying they would prefer the individual-level attention and documentation required by ISC.

because of delays necessary for safety and/or mitigation of COVID-19. As you recall, the ISC approach was advantageous to the Department in that it drastically reduced the fines they would otherwise pay. But the process of designating ISC, and monitoring data with respect to ISC, has required tremendous time and labor from the Department.

As we approached the Department's new fiscal year, and second anniversary of the July 2020 agreement regarding fines and ISC, the Department again proposed an alternate approach for handling fines. Rather than continue the labor-intensive process of designating ISC for every detainee whose movement has been slowed by pandemic-attributable delays, the Department again proposed a capped, lump-sum fine (much like the proposal they made the prior year).

This year, however, *both* parties seem to perceive the lump-sum approach as preferable. The Department and OBH negotiated the details of the proposal, and ultimately reached an agreement.  We strongly support this agreement regarding the simplified lump-sum fine (versus the labor-intensive process of designating ISC in so many cases).  The specifics of this agreement are:

1. The Office of Behavioral Health (OBH) will pay a flat fee of $5,735,000 in fines. The remaining $265k appropriated to OBH will remain available to pay FY 2021-22 fees as appropriate to the Special Masters, based on the total of $6,000,000 funding allocation from the General Assembly for FY 2021-22 covering the time period of 7/1/21-6/30/22.

2. The parties agree that for FY 2021-22:

   a. DLC will not pursue fines in excess of the $5,735,000 for competency service delays in FY 21-22. OBH has already paid the fines for May and June 2021.
   b. OBH will not invoke Individual Special Circumstances (ISC) for any extenuating circumstance.
   c. OBH would not invoke Departmental Special Circumstances (DSC), or if they were to invoke DSC, this would not impact the $5,735,000 fines payment (in other words, the payment would be "non-refundable").
   d. OBH would continue, in good faith, all efforts to reduce the number of people waiting for competency services on the "waitlist," reduce the time individuals spend waiting on the waitlist, and provide appropriate care to those on the waitlist.

3. OBH will release the fine payment in the amount of $5,735,000 on August 2, 2021 to Cordes and Company per the Consent Decree.

4. Data and Monthly Compliance Reporting:

   a. Effective July 1, 2021 since OBH will no longer place individuals whose delays are due to COVID on ISC, the number of individuals on the waitlist and the number waiting past the timeframes will change significantly compared to the reports offered in FY 20-21. The reports will return to the format utilized prior to the COVID-19 ISC process in which only the total number of individuals waiting for admission will be reported.   The parties

> agree that denoting the difference on the tables in the July report (submitted in August) will be sufficient.  OBH does not need to provide retroactive data for the months in which they used the COVID-19 ISC process.
>
> b. The parties agree that moving forward, OBH will not be able to answer specific questions about specific data points reflecting delays due to COVID-19 restrictions for those who are Incompetent to Proceed and Awaiting Admission to an Inpatient Facility (ITP), Incompetent and Awaiting an Inpatient Competency Evaluation (Inpatient Comp), and Awaiting a Jail Competency Evaluation (Jail Comp), because that data was available only because of the COVID-19 ISC tracking process.
>
> c. OBH will continue to track non-COVID related ISCs and will report the number of individuals on ISC in the monthly compliance report submitted to the Court. OBH will not send DLC ISC notifications on each case as was previously done under the prior process.
>
> 5. The terms of this agreement end on June 30, 2022 at which time the $10,000,000 cap on the amount of fines per year returns.

Again, we support this agreement, and believe it best allows the Department to devote their time and resources to accomplishing the goals prescribed in the Consent Decree.  The agreement also allows for the quick distribution of funds, which the Fines Committee may use to support several promising proposals that have been placed on hold for many months.
We certainly welcome any questions or concerns you may have.

We will continue to work with the Department on these and related matters, and we encourage you to contact us with any questions or requests.  As always, we appreciate the opportunity to serve the court, and the state of Colorado, in these important efforts.

_[signature]_

Neil Gowensmith, Ph.D.
President, Groundswell Services Inc.

_[signature]_

Daniel Murrie, Ph.D.