IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-02285-NYW

CENTER FOR LEGAL ADVOCACY, d/b/a
DISABILITY LAW COLORADO ,

    Plaintiff,

v.

MICHELLE BARNES
in her official capacity as Executive Director
of the Colorado Department of Human Services, and

JILL MARSHALL,
in her official capacity as Chief Executive Officer
of the Colorado Mental Health Institute at Pueblo,

    Defendants.

## SUPPLEMENT TO CONSENT DECREE

1. For fiscal year (FY) 2021-2022, the Office of Behavioral Health (OBH) received a total of $6,000,000 in funding allocation from the General Assembly to pay fees and fines pursuant to the Consent Decree. The $6,000,000 allocation from the General Assembly encompasses fees and fines to be paid between July 1, 2021 and June 30, 2022.

2. In fiscal year 2021-2022, OBH will pay fines in the amount of $5,735,000. The remaining $265,000 appropriated to OBH will be used to pay FY 2021-22 fees as necessary to the Special Masters.

4827-5480-7439.1

EXHIBIT 1

3. The parties agree in this Supplement to Consent Decree (Supplement) that in FY 2021-22:

   a. DLC will not pursue fines greater than $5,735,000 for competency service delays.

   b. Additionally, OBH has paid the fines for May 2021 and June 2021 in full.

   c. OBH will not invoke Individual Special Circumstances (ISC) for any extenuating circumstance.

   d. OBH will not invoke Departmental Special Circumstances.

   e. OBH will continue, in good faith, all efforts to reduce the number of pretrial detainees waiting for competency services, reduce the time pretrial detainees spend waiting for competency services and provide appropriate care to pretrial detainees waiting for competency services.

4. OBH will release the final payment in the amount of $5,735,000 on August 1, 2021 to Cordes and Company as the full fines payment for FY 2021-2022.

5. Provisions Regarding Data and Monthly Compliance Reporting:

   a. Effective July 1, 2021, since OBH will no longer place pretrial detainees whose delays are due to COVID-19 on ISC, the number of individuals on the waitlist and the number waiting past the timeframes will change significantly compared to the reports offered in FY 20-21. The reports will return to the format utilized prior to the COVID-19 ISC process where only the total number of individuals waiting for admission will be reported. The parties agree that denoting the difference on the tables in the July 2021 report (submitted in August 2021) will be sufficient. OBH

       is not required to provide retroactive data for the months in which they used the COVID-19 ISC process.

   b. The parties agree that moving forward, OBH will not be able to answer specific questions about specific data points reflecting delays due to COVID-19 restrictions for pretrial detainees waiting for competency services, because that data was available only because of the COVID-19 ISC tracking process.

   c. OBH will continue to track non-COVID related ISCs and will report the number of individuals on ISC in the monthly compliance report submitted to the Court. OBH will not send DLC ISC notifications.

6. The terms of this Supplement will supersede any conflicting provisions of the Consent Decree through June 30, 2022. Provisions of the Consent Decree that are not affected by the terms of this Supplement will remain in full force and effect.

7. The terms of this Supplement end on June 30, 2022, at which time the provisions of the Consent Decree affected by this Supplement will be reinstated.